IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 OCT 26 P 3: 42

Craig Latwain Chestnut,　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　)　　Case No. 3:10-cv-2050-RMG
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　　　)
Charles Brown, SCDC Employee Officer,　　)
　　　　Defendant.　　　　　　　　　　　)
_____)

　　　　This matter is before the court on Petitioner's *pro se* action filed pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was

referred to United States Magistrate Judge Joseph R. McCrorey, for pre-trial proceedings and a Report

and Recommendation ("Report"). On September 1, 2010, the Magistrate Judge issued a Report

recommending that this matter be dismissed without prejudice and without issuance and service of

process on Respondent. (Dkt. No. 9). The Magistrate Judge advised Petitioner of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed to do so.

Petitioner filed objections to the Report and Recommendation. (Dkt. No. 12).

　　　　The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with

making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a

specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with

instructions. *See* 28 U.S.C. § 636(b).

Page 1 of 2

After conducting a *de novo* review and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. In order to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff here has stated no such claim. To the extent Plaintiff alleges a purported violation of the Eighth Amendment, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir.1991). The complaint fails to allege facts that indicate the Defendant knew of and deliberately disregarded a known danger, and thus fails to state a claim for violation of the Eighth Amendment. Moreover, Plaintiff describes his claim as "gross neglect and negligence and reckless disregard for a inmates safety" (Dkt. No. 1, Compl. at 2) and the law is well settled that negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986).

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner offers no argument which convinces this court that the Magistrate Judge erred in his analysis. Therefore, the petition is dismissed *without prejudice* and without issuance and service of process. **AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

October 26, 2010
Charleston, South Carolina